Nott, Cb. J.,
delivered the opinion of the court:
In the case of Mahan (6 O. Gis. E., 331) this court decided:
At nisiprius the rule is universal that a party must exhaust his examination in chief before he dismisses his witness, and can only recall the witness in the discretion of the court. But where testimony is taken on written interrogatories there is not the same strict application of the rule; yet the reexamination is not “of course,” and a court should be satisfied that it is sought to supply unintended defects and not to alter what was deliberately uttered. In the oral examination of distant witnesses by commission'courts do not hold a.party to the strict rule, but incline to the more relaxed practice of examination by written interrogatories.
It was also said that though the opposing party might raise no objection to the reexamination of the witness, nevertheless the case should require judicial notice where the second deposition flatíy contradicts the first.
In Sevier's Case (7 id., 387) the court went still farther, and held that “where a party obtains leave to reexamine the witnesses on a specified point he can not reexamine them on a second point as to which they were previously interrogated, even though the case has been remanded for further evidence on the second point.”
The evil alluded to in those cases still exists, and the present case is so pervaded with it that the court was constrained, when finding the facts, to substantially disregard the second depositions of the witnesses. After the second set of depositions had been taken the claimant filed an amended petition conforming to the testimony taken. With the reexamination of witnesses, and the filing of an amended petition after the jurisdictional period for bringing the action had elapsed, the claimant has reconstructed his case. The case as set forth in the original petition was for twelve depredations, occurring at different times in the years 1866,1868,1869,1870, and 1871. In the amended petition two depredations are inserted which were not set up in the original petition, namely, 1867 and 1872.
The only witness, moreover, who fixes the date of this depredation in 1867 is the witness, who, in his first deposition, either fixed it in 1868 or did not testify to it at all. When he first testified, there had been no decision of the court relating to .the amity of the Indians. When he last testified, *554 the court had decided that the Indians were in amity in 1867,, and consequently that an action would lie; and were not in amity in 1868, and consequently that the court was without jurisdiction of that depredation.
The witness above alluded to may not have sworn falsely, but his testimony comes down to this, that in his second deposition he has inserted a date which was not in the first deposition, and which is inconsistent with it, and on that date thus inserted the. jurisdiction of the court depends.
The court has reviewed the evidence on this motion for a new trial and is of the opinion that the unrestricted reexamination of witnesses is a practice which may lead to dangerous results; that it can not be upheld in this case, and that the claimant’s motion for a new trial should be overruled.